LALOIRE
vs.
LACOSTE.

---

## LALOIRE vs. LACOSTE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The term "notoriously insane;" means that the insanity was generally known to the persons who saw and conversed with the party. When this proof is given, it then behooves the person claiming benefit from the contract, to show that it was made during a lucid interval.

The facts are stated in the opinion of the court, delivered by Porter, J.

The plaintiff, as curator of one Dreux, who has been interdicted by reason of his insanity, brings this action to set

aside, and annul a sale for slaves, made by the interdicted, so far back as the year 1817, and to recover money which the defendant borrowed from him in 1813, and which, notwithstanding a receipt for the money by the interdicted, the plaintiff avers is still due.

EASTERN DIS.
June, 1832.

There was judgement for defendant in the court of the first instance, and the plaintiff appealed.

The law requires, in order to annul an alienation, made before the sentence of interdiction is pronounced, that the party making it, should be notoriously insane, and by "notoriously" we are informed is meant that the insanity was generally known by the persons who saw and conversed with the party. When this proof is given, it then behooves the person claiming benefit from the contract, to show that it was made during a lucid interval. *Louisiana Code*, 395, 1781, § 3, 9.

In this case the proof is contradictory as to the general insanity, and totally defective as to its notoriety. We see no ground for setting aside the judgement of the court of the first instance.

It is therefore ordered, adjudged, and decreed, that it be affirmed, with costs.

*The term "notoriously insane," means that the insanity was generally known to the persons who saw, and conversed with the party. When this proof is given, it then behooves the person claiming benefit from the contract, to show that it was made during a lucid interval.*

*Seghers*, for appellant.    *Grymes*, for appellee.